NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1033

NOVA EXPRESS

Appellant,

v.

John E. Potter, POSTMASTER GENERAL,

Appellee.


Philip Emiabata, as Nova Express, of Austin, Texas, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from:  United States Postal Service Board of Contract Appeals

Administrative Judge Norman O. Menegat

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1033

NOVA EXPRESS

Appellant,

v.

John E. Potter, POSTMASTER GENERAL,

Appellee.

Appeal from the United States Postal Service Board of Contract Appeals in nos. 5101, 5205 and 5268, Administrative Judge Norman O. Menegat

_____

DECIDED: May 8, 2008

_____

Before LOURIE, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Appellant Nova Express ("Nova") appeals a decision by the United States Postal Service Board of Contract Appeals ("the Board"), upholding the default termination of Nova's contract with the United States Postal Service ("Postal Service"). <u>Nova Express</u>, P.S.B.C.A. Nos. 5101, 5205 and 5268 (P.S.B.C.A. Jun. 11, 2007). For the reasons stated, we <u>affirm</u> the Board's decision.

BACKGROUND

On October 30, 2001, the Postal Service awarded Nova contract No. HCR 78640 for transportation of mail between two Postal Service facilities ("the contract"). The contract expressly provided that Nova must "establish and maintain continuously in effect" a policy or policies for liability insurance with a minimum Combined Single Limit (CSL) of $750,000 for any truck used in performance of the contract. The contract further required that Nova furnish the contracting officer with proof that it had the requisite insurance, including copies of the applicable policy or policies. The contract's termination clause provided that the Postal Service could terminate the contract for default upon Nova's failure to perform any provision of the contract, including "if the supplier fails to establish and maintain continuously in effect insurance as required by this contract, or fails to provide proof of insurance . . . as required by the contracting officer." Under the contract, the Postal Service's right to terminate the contract for such default could be exercised only if the Postal Service notified Nova of the specific failure and provided three days to cure the defect.

Nova obtained insurance for the truck used in performing the contract from Fireman's Fund County Mutual ("Fireman's Fund") in the required amount of $750,000 CSL for the term from September 3, 2002 through September 3, 2003. It financed the insurance through Pronote, Inc. ("Pronote"), an insurance financing company, under an arrangement in which Nova made a $3,404 downpayment to Fireman's Fund, and Pronote paid the balance of the over $11,000 annual premium. Under the financing agreement, Nova paid monthly installments to Pronote over the term of the policy, and Pronote was authorized to direct Fireman's Fund to cancel the policy if Nova failed to

make the required payments. The Board found that Pronote asked Fireman's Fund to cancel the insurance and Fireman's Fund did so, effective April 7, 2003. Nova did not notify the Postal Service that the insurance contract had been canceled.

The contracting officer's staff noticed in September 2003 that Nova's insurance policy had expired according to its original term. The Postal Service attempted to contact Nova on multiple occasions regarding updating its insurance information, but Nova failed to respond. The Postal Service then contacted Fireman's Fund directly. The Fireman's Fund insurance agent advised the Postal Service that Nova's policy had been canceled in April 2003.

By letter dated September 19, 2003, the contracting officer notified Nova that its review indicated that Nova's insurance had expired, and that as a result of this as well as unsatisfactory service, Nova was temporarily suspended from performing the contract, pending investigation of the allegations. As part of the investigation, the letter asked Nova to provide the Postal Service copies of insurance policies, documenting proof of insurance without any lapse of coverage after September 2002 to the present.

By letter dated September 23, 2003, the contracting officer again notified Nova that under the contract Nova was required to establish and continuously maintain insurance coverage on all vehicles used in performing the contract. The letter advised Nova that it must furnish proof of continuous coverage by September 26, 2003 or its rights to perform under the contract would be terminated for default.

In response to the letters, Nova submitted to the contracting officer copies of its Fireman's Fund policy purporting to cover the period September 3, 2002 to September

3, 2003, and copies of various truck rental agreements in which some insurance or damage waivers had been purchased for the rented vehicle.

On September 30, 2003, the contracting officer issued a final decision terminating Nova's contract for default and withholding payment for the pay period leading up to the termination. On September 3, 2004, the contracting officer denied Nova's claims for damages relating to the allegedly improper termination. And on January 31, 2005, the contracting officer issued a final decision claiming $2,706.20 in excess reprocurement costs resulting from the termination.

Nova appealed all three determinations to the Board. The Board affirmed, concluding that Nova had knowingly breached its contract obligations. The Board found that Nova's liability insurance policy with Fireman's Fund was cancelled effective April 7, 2003 and that Nova had not shown that it had liability insurance in the amount required by the contract at any time after that date. The Board also rejected Nova's contention that the Postal Service acted in bad faith and found that the evidence provided by the Postal Service was sufficient to establish Nova's liability for $2,706.20 in reprocurement costs.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10).

DISCUSSION

The express terms of the contract allow for termination for default upon three days notice for failure to continuously maintain the required insurance. Whether or not Nova continuously maintained the required insurance and whether the Postal Service provided Nova with the requisite three days notice are questions of fact. See McDonnell Douglas Corp. v. United States, 323 F.3d 1006, 1014 (Fed. Cir. 2003) ("In

determining whether a default termination was justified, a court must review the evidence and circumstances surrounding the termination, and that assessment involves a consideration of factual and evidentiary issues."). This Court cannot set aside the Board's factual determinations unless they are "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b); see also West Coast Gen. Corp. v. Dalton, 39 F.3d 312, 314 (Fed. Cir. 1994).

We find no basis for overturning the Board's findings. In a thorough opinion, the Board carefully reviewed the testimony and exhibits before it.[1] Substantial evidence supports the Board's determination that Nova's Fireman's Fund insurance policy had been canceled effective April 7, 2003, and that none of the truck rental agreements provided the required level of insurance. As the Board found, the cancellation of the Fireman's Fund policy was documented in a letter from Pronote, and the truck rental agreements Nova provided either showed that no liability insurance was purchased or that the liability insurance provided was much less than the required $750,000.

Substantial evidence also supports the Board's determination that the Postal Service provided Nova with adequate notice of its failure to meet the terms of the

---

[1]     Nova argues that the Board failed to discuss various pieces of evidence in its opinion. Nova has not established the relevance of any of the evidence it believes was wrongfully neglected, however, and we conclude that there was nothing arbitrary and capricious in the Board's consideration of the evidence. We also find no abuse of discretion in the Board's acceptance into evidence of Postal Service Exhibits which Nova argues were first provided to it at trial. See Johnson Mgmt. Group CFC, Inc. v. Martinez, 308 F.3d 1245, 1252 (Fed. Cir. 2002) ("[A] discovery or evidentiary ruling of the Board will not be overturned unless 'an abuse of discretion is clear and is harmful.'") (quoting Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988))). The Board was entitled to find credible the government's representation that the Exhibits in question had been repeatedly sent to Nova prior to trial.

contract and gave Nova three days to cure this breach prior to terminating the contract. Nova's reliance on the September 19, 2003 letter to show that no notice had been given is misplaced. The September 19, 2003 letter did not terminate the contract but merely suspended Nova's performance of the contract pending investigation. As the Board found, it was the September 23, 2003 letter which provided Nova with notification that the contract would terminate if Nova did not furnish proof of continuous insurance, and this letter gave Nova three days to furnish such proof. The contract was only terminated on September 30, after this three day period had expired.

There is also no reversible error in the Board's determination that the Postal Service did not act with bad faith in terminating the contract. See Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1241 (Fed. Cir. 2002) (holding that clear and convincing evidence is required to overcome the presumption that the government acted in good faith). The Board found that Nova's allegations of bad faith were not supported in the record, and it concluded that witnesses for the Postal Service denying the allegations were credible. Nova has provided no convincing basis for overturning these findings. See Charles G. Williams Constr., Inc. v. White, 326 F.3d 1376, 1381 (Fed. Cir. 2003) ("Board credibility determinations . . . are 'virtually unassailable.'").

Accordingly, we affirm the Board's finding that the Postal Service's termination of the contract was justified.

We also affirm the Board's determination that the Postal Service was entitled to recover its reprocurement costs. Nova argues here, as it did before the Board, that the government should have produced the "bid sheets" reflecting the various emergency service offers. The Board found that despite the absence of the bid sheets the

testimony of the Postal Service's contract specialist was "credible and sufficient to establish that the Postal Service acted properly and made reasonable efforts to minimize the reprocurement costs." We find no basis to disturb the Board's finding.

The judgment of the Board is affirmed.

Costs to Appellee.