NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1153

NOVA EXPRESS,

Appellant,

v.

John E. Potter, POSTMASTER GENERAL,

Appellee.

Philip Emiabata, as Nova Express, of Austin, Texas, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Postal Service Board of Contract Appeals

Administrative Judge Norman O. Menegat

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1153

NOVA EXPRESS,

Appellant,

v.

John E. Potter, POSTMASTER GENERAL,

Appellee.

Appeal from the United States Postal Service Board of Contract Appeals in nos. 5091, 5207, 5213 and 5267, Administrative Judge Norman O. Menegat.

_____

DECIDED:  August 14, 2008

_____

Before NEWMAN, LOURIE and LINN, <u>Circuit Judges.</u>

NEWMAN, <u>Circuit Judge</u>.

This appeal is taken from a decision of the United States Postal Service Board of Contract Appeals ("PSBCA" or "Board") relating to the default termination of Nova Express contract No. HCR 773L5 with the Postal Service.  The PSBCA denied Nova's challenge to the termination of its contract, denied the Postal Service's claim for reprocurement costs, awarded partial recovery to the Postal Service for damages relating to two post offices, and denied Nova's claim for damages except to the extent

that funds withheld upon termination of the contract exceeded the damages Nova owed. <u>Nova Express</u>, Nos. 5091, 5207, 5213, and 5267 (P.S.B.C.A. April 30, 2007).  We <u>affirm</u> the Board's decision in all respects.

## BACKGROUND

On January 23, 2002, the Postal Service awarded Nova a contract for transportation of mail between the mail processing facility in North Houston, Texas and post offices in the communities of El Campo, Richmond, Rosenberg, and East Bernard, all in Texas.  The contract service began on February 23, 2002 and was to continue until June 30, 2005, at an annual payment of $85,000.  Nova was obligated to transport "all mail tendered for transportation under this contract, whatever may be its size and weight, with certainty, celerity, and security," in compliance with an operating schedule that was set forth in the contract.  The contract required Nova to provide at least one tractor-trailer assembly for the route, to maintain it in mechanically sound condition, and to maintain readily available standby equipment meeting all contract requirements, in order to avoid delay should any emergency arise.  The contract also required Nova to obtain and display all licenses and permits necessary to comply with federal, state, and municipal laws, and provided that Nova would be "responsible for all damage to persons or property, including environmental damage, that occurs as a result of its omission(s) or negligence."  Nova was required to carry liability insurance providing a minimum of $750,000 in combined-single-limit coverage for any vehicles used in performing the contract, and to provide the contracting officer with proof of insurance if the contracting officer so required.

The contract authorized the Postal Service to terminate the contract for default, upon written notice, for, among other things, "failure to perform service according to the terms of the contract," the use of "transportation equipment [that] is insufficient, inadequate, or otherwise inappropriate for the service," or failure to "establish and maintain continuously in effect insurance" or to "provide proof of insurance" as required by the contract. Termination was also authorized if Nova failed, after a three-day opportunity to cure, to perform any other provisions of the contract.

After a period of extensive equipment and service problems, including multiple days when Nova provided no service at all along the contracted route, after Postal Service officials met repeatedly with Nova to discuss the deficiencies to no avail, and after the Postal Service learned that Nova had failed to maintain insurance on its truck, the contracting officer terminated the contract for default on September 19, 2003. The Postal Service stated as reasons for the termination Nova's "failure to perform service according to the terms of the contract and failure to establish and maintain continuously in effect insurance as required by the contract." The Postal Service also withheld funds for the pay period preceding the termination to cover excess costs in reprocuring transportation services and to pay for damage allegedly caused by Nova to the loading docks and other post office facilities in East Bernard, Rosenberg, and El Campo.

Nova appealed the termination and the asserted damage, and also filed claims for withheld earnings and for damages stemming from the termination. The PSBCA consolidated the claims, held a hearing, and entered extensive findings of fact. The Board found many instances in which Nova was late in performing its scheduled trips or failed to complete deliveries. These instances included days when the truck was

detained for expired license or registration, truck breakdowns and mechanical problems, and numerous unexplained "no shows." The Board found that these frequent irregularities continued after repeated admonitions, including a "final warning letter" issued on June 9, 2003. The Board also found that Nova's insurer cancelled its policy effective April 7, 2003, and that Nova knew of the cancellation but did not inform the Postal Service; the Board also found that after the Postal Service raised a concern about insurance Nova used a different truck but did not produce evidence to show that the vehicle was insured. The Board reviewed the Postal Service's claims for damage resulting from several incidents involving Nova trucks, and found that Nova caused the damage in all incidents except one relating to the Rosenberg post office.

The PSBCA concluded that Nova's repeated failures to provide the contract services and its failure to comply with the insurance requirements justified the Postal Service's termination of the contract under its "termination for default" provisions. The Board rejected Nova's arguments that many of the reports of performance irregularities were falsified or had been tampered with or that the Postal Service acted in bad faith, the Board concluding that Nova provided no evidence of falsification or bad faith. However, the Board rejected the Postal Service's claim for reprocurement costs, finding inadequate evidence to support the claim. The Board also determined that the Postal Service was entitled to recover for the physical damage to its facilities, with the exception of the damage to the Rosenberg facility which had not been adequately attributed to Nova. The Board rejected Nova's claim for damages arising from the termination, but ordered payment to Nova of withheld earnings after set-off of the

damages awarded to the Postal Service. The Board also determined that Nova had been afforded due process.

The Board denied reconsideration. Nova appeals, pursuant to 28 U.S.C. §1295(a)(10) and 41 U.S.C. §607(g)(i).

DISCUSSION

We review the decision of the PSBCA under the standard established by the Contract Disputes Act of 1978:

> In the event of an appeal by a contractor or the Government from a decision of any agency board pursuant to section 607 of this title, notwithstanding any contract provision, regulation, or rules of law to the contrary, the decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision in not supported by substantial evidence.

41 U.S.C. §609(b); see Alvin, Ltd. v. United States Postal Serv., 816 F.2d 1562, 1564 (Fed. Cir. 1987).

Nova argues that the Postal Service Administrative Officer who oversaw performance of the contract violated Nova's constitutional right of due process by marking some of the many incident reports "chargeable" against Nova before its ten-day period to respond to the reports had expired. The PSBCA had addressed this argument, stating that while reported incidents or irregularities were occasionally marked "chargeable" prematurely, Nova had shown no prejudice from these occasional occurrences, and further concluding that Nova had ample opportunity to dispute, directly with the Administrative Officer, the allegations of deficient service and insurance

coverage. Substantial evidence supports the Board's finding of absence of prejudice, and we discern no error in the conclusion that Nova was afforded due process.

Nova also asserts violation of its constitutional right of equal protection, in the Postal Service's treatment of the insurance issue. Nova argues that the Postal Service has afforded more time to other contractors to comply with insurance requirements. However, the contract required insurance coverage at all times, and substantial evidence supported the finding that the agency gave Nova adequate opportunity to correct its lapsed insurance coverage. Nova's equal protection argument is devoid of merit.

Nova raises several other challenges to the evidence supporting the Board's decision. The Board discussed the history of irregular service despite repeated admonitions, the evidence of Nova's failure to maintain insurance coverage, and the evidence of damage to postal facilities. Although Nova alleges bad faith by the Postal Service administrator, we have been directed to no evidence that the agency acted with intent to harm Nova. See Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1240 (Fed. Cir. 2002). Nor has error been shown in the Board's findings that Nova failed to comply with agency procedures or that it was responsible for damage to the postal facilities.

With respect to the insurance issue, Nova states it has "new evidence" that shows that its insurance policy was not cancelled; however, as Nova concedes, the same issue was raised as to the same policy in an appeal to this court relating to a different contract, and decided adversely to Nova. See Nova Express v. Potter, No. 2008-1033, 2008 WL 1995006 (Fed. Cir. May 8, 2008). Nova also challenges the

Board's credibility findings, which are "virtually unassailable" and to which we defer. See Charles G. Williams Constr., Inc. v. White, 326 F.3d 1376, 1381 (Fed. Cir. 2003).

We have considered all of Nova's arguments, and conclude that they provide no basis for reversal. Substantial evidence supports the Board's determination that the contract was fairly terminated, and Nova has not shown the Board's findings to be "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith." 41 U.S.C. §609(b). The decision is affirmed.