NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner,*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent.*

---

2013-3069

---

Petition for review of the Merit Systems Protection Board in No. DE3330100168-X-1.

---

Decided: September 16, 2013

---

JOHN PAUL JONES, III, of Albuquerque, New Mexico, pro se.

DANIEL G. KIM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief

was ROBERT E. NERTHLING, II, Assistant Regional Counsel, Office of General Counsel, Department of Health & Human Services, of Atlanta, Georgia.

———————————

Before RADER, *Chief Judge,* LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

John Paul Jones, III ("Jones") appeals a decision of the Merit Systems Protection Board ("Board") dismissing Jones's petition for enforcement after concluding that the Department of Health and Human Services ("Department") complied with an administrative judge's ("AJ") earlier decision. *Jones v. Dep't of Health & Human Servs.*, No. DE-3330-10-0168-X-1, 2012 MSPB LEXIS 7264 (MSPB Dec. 10, 2012) (Final Order) ("*Final Order*"); *Jones v. Dep't of Health & Human Servs.*, No. DE-3330-10-0168-C-2, 2010 MSPB LEXIS 7534 (MSPB Dec. 21, 2010) (Recommendation) ("*Recommendation*"); *Jones v. Dep't of Health & Human Servs.*, No. DE-3330-10-0168-I-1, 2010 MSPB LEXIS 1513 (MSPB Apr. 30, 2010) (Initial Decision) ("*Initial Decision*"). Because Jones fails to show any error on the part of the Board, this court affirms the Board's decision.

## BACKGROUND

"It is undisputed that [Jones] is a preference eligible veteran." *Initial Decision*, 2010 MSPB LEXIS 1513, at *1. Jones applied for five positions with the Department and was highly ranked by the Department's automated rating system, but Department human resources personnel found that he was not qualified for the positions and Jones was not further considered.

Jones appealed to the Board seeking corrective action under the Veterans Employment Opportunities Act of 1998, Pub. L. No. 105-339, 112 Stat. 3182 ("VEOA"). The AJ concluded for four of the positions ("Health Communications Specialist positions") "that the [Department]'s failure to consider experience relevant and related to qualifying for the position, when such information was before it, did violate regulations relating to veterans' preference, and thereby the VEOA." *Initial Decision*, 2010 MSPB LEXIS 1513, at *20. The AJ found that the Department did not violate the VEOA with respect to the other position because Jones was not minimally qualified. The AJ ordered the Department to "reconstruct the selection processes" for the four Health Communications Specialist positions and "specifically consider [Jones]'s public health communications related experience." *Id.*, at *21. The *Initial Decision* ultimately became final.

Jones subsequently filed a petition for enforcement asserting that the Department did not comply with the *Initial Decision*. The AJ recommended granting the petition and concluded that the Department "has not met its burden to clearly demonstrate its compliance with the reconstruction order," *Recommendation*, 2010 MSPB LEXIS 7534, at *15. The AJ stated that the Department did not provide declarations or affidavits from human resources personnel or "the documents its human resources personnel relied on in reaching their determination that, even in light of what is facially public health related experience, [Jones] was not qualified for these positions." *Id.*, at *12. The AJ stated that the Department "should submit detailed documentation along with declarations or affidavits from the human resources personnel involved in review of [Jones]'s qualifications which support the determinations on [Jones]'s qualifications and explain, with particularity, why [Jones] was unqualified." *Id.*, at *19.

After the *Recommendation*, the Department "submitted a reconstruction package for each position and included the reconstruction certificates of eligibles, declarations by the assigned human resources specialists, evaluations by subject matter experts, [Jones]'s application packages, applicant listing reports, [Office of Personnel Management] qualification standards, vacancy announcements, and position descriptions." *Final Order*, 2012 MSPB LEXIS 7264, at *6. The Board reviewed the reconstruction packages and Jones's objections, and found that the Department sufficiently explained and supported its determinations that Jones was not minimally qualified for the Health Communications Specialist positions. Thus, the Board concluded that the Department "has proven its compliance with the initial decision." *Id.*, at *14, *17, *20, *23. The Board considered moot the issues of Jones's standing to object to the selection of another candidate, Jones's standing to object to the Department's failure to select a candidate, and Jones's allegation that the Department's failure to select a candidate was a prohibited personnel practice because the Department documented that Jones was not qualified. The Board noted that the Department did not supply the full text of Jones's application responses, but noted that Jones provided portions he considered relevant and the responses were similar to Jones's resume. The Board also rejected Jones's collateral estoppel argument because the *Initial Decision* did not find him qualified.

This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Department acknowledges that "[t]here is no dispute that Mr. Jones is a veteran, nor is there any dispute that, as the administrative judge concluded, the [Department initially] violated Mr. Jones's VEOA rights."

Resp't's Informal Br. and App. 19. The only issue presently before this court is whether the Board properly concluded that the Department complied with the *Initial Decision*.

Jones relies on statements from a hearing, argues that the AJ determined that he met the requirements of the Health Communications Specialist positions when the AJ found a VEOA violation, argues that the *Initial Decision* became final and did not allow the Department to argue that Jones was ineligible, and relies on the doctrine of collateral estoppel. Jones argues that there have been no consequences for the Department's violation of his rights.

Jones also argues that the Board's present decision is inconsistent with the Board's standards from *Walker v. Department of the Army*, 104 M.S.P.R. 96 (MSPB 2006), and *Russell v. Department of Health and Human Services*, 117 M.S.P.R. 341 (MSPB 2012). Jones argues that the Department needed to comply with the provisions violated and find Jones eligible for the position. Jones notes that remedial statutes should be broadly construed, particularly when they address veterans' benefits, and argues that the Board and the Department failed to consider his experience.

Jones further argues that the Department did not provide Jones's complete application to the Board, and so the Board and the Department's personnel could not have properly evaluated Jones's relevant experience. Jones also argues that the missing portions of the application are not similar to the information in his resume. Jones argues that the Board accepted the statements of the subject matter experts, that there is no evidence that the subject matter experts understood that they were to consider his entire application, and that the Board did not address Jones's rebuttals. Jones argues that the Depart-

ment had an invalid or illegal reason not to select him and engaged in willful misconduct. Jones argues that the Board wrongly indicated that no one was selected for one of the positions and that other individuals were improperly selected for positions, including asserting that prohibited personnel practices were used.

Jones notes the lengthy time his case was pending before the Board, the numerous positions with the Department for which he has applied, and the low percentage of veterans employed by the Department. Jones argues that in other cases, the Department argues that Jones is not a veteran. Jones requests that this court confirm that he is a veteran, confirm that his VEOA rights were violated, confirm that he is eligible for the Heath Communications Specialist positions, appoint him to that position, perform its own reconstruction, award back pay and damages including liquidated damages, and refer the evidence of prohibited personnel practices to the Office of Special Counsel.

The Department argues that the Board properly rejected Jones's collateral estoppel argument. The Department argues that in the *Initial Decision* the AJ did not determine that Jones was minimally qualified for the positions, that the AJ only concluded that the Department failed to consider evidence, and that the AJ ordered the Department to reconstruct the selection processes. The Department notes that the reconstructions reanalyzed Jones's qualifications with the possibility of reaching different conclusions and that the reconstructions were not used to argue the same point. The Department argues that Jones was not entitled to the positions based on the VEOA violation, but was entitled only to a lawful selection process.

The Department argues that there is nothing inconsistent between prior Board decisions and the Board's

present decision.  The Department argues that Jones fails to sufficiently indicate how the VEOA should have been broadly construed and that the VEOA does not allow veterans who are not qualified to be considered.

The Department further argues that the Board addressed the Department's failure to include the entirety of Jones's application responses, that the Board reviewed the additional portions provided by Jones, and that Jones merely disagrees with the Board's finding that the information was similar to that in Jones's resume.  The Department also argues that it reviewed the entire applications, as indicated by the significant experience it found Jones possessed.  The Department argues that Jones lacks sufficient evidence of wrongdoing to overcome the presumption that government officials act in good faith.  The Department argues the propriety of its candidate selections and its descriptions of them, and argues that the qualifications of other candidates are unrelated to whether Jones is not qualified.

The Department argues that Jones cited no legal error that resulted in the lengthy time his case was before the Board.  The Department argues that Jones's status as a veteran is undisputed in the present case.  The Department requests that this court affirm the Board's decision and argues that Jones is not entitled to the relief he seeks because the Department documented that Jones was not minimally qualified.

This court must "set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938).

This court reviews judgments, not the language of opinions and certainly not the language used during hearings. *See Herrera v. United States*, 849 F.2d 1416, 1418 (Fed. Cir. 1988) ("[W]e review judgments, not words in opinions . . . ."). The *Initial Decision* determined that the Department failed to consider Jones's relevant experience and ordered the Department to reconstruct the selection processes. The Board correctly determined that the *Initial Decision* did not find Jones qualified. The remedy for the VEOA violation was that the Department reconstruct the selection processes with the possibility of reaching a different conclusion, and not that Jones be found qualified for position. *See Kirkendall v. Dep't of the Army*, 573 F.3d 1318, 1325 (Fed. Cir. 2009) ("We hold only that the agency violated Mr. Kirkendall's right to have his experience, as related in his military documents, credited as part of his application. We do not opine on whether, if Mr. Kirkendall's name should have been on the final competing list, he should have been awarded the job.").

The Board's present decision is not in conflict with *Walker* or *Russell*, and Jones's argument that the cases are inconsistent fails. *Walker* indicates that "[r]econstruction of the selection process requires the agency to comply with the provisions it violated." 104 M.S.P.R. at 106. This is consistent with the present reconstruction because the Department violated the VEOA by failing to consider Jones's experience and the AJ required the Department to consider that experience. The Department did not need to find Jones eligible to comply. *Walker* also indicates that the "VEOA provides that the Board shall award an amount equal to back-pay as liquidated damages if it determines that the violation was willful." *Id.* But a party "cannot be entitled to liquidated damages for a willful violation unless, following the

reconstruction process, the Agency determines that [the party] would have been hired had the Agency afforded him veterans' preference rights." *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1362 (Fed. Cir. 2009). In the present case, Jones would not have been selected, and so liquidated damages are not available.

In *Russell*, the Board concluded that because the agency "violated the appellant's right to a 10-point preference in competing for the vacancy at issue, the agency must reconstruct the selection process after adding 5 more points to the appellant's score;" and the Board concluded that "[t]he agency will have to go through the pass-over procedures . . . before selecting a lower-ranked non-preference-eligible applicant through the reconstructed process." 117 M.S.P.R. at 345. The particular remedies in *Russell* are not applicable to the present case. There is no indication that Jones's rankings did not include his veteran's preference. "[T]he VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). The Department found that Jones was not qualified, and additional preference points will not change that fact.

While the Department did not provide Jones's complete application to the Board, the Board acknowledged this and noted that Jones provided the portions he considered relevant. The Board also indicates, both expressly and through its analysis, that it evaluated the Department's and Jones's submissions and did not simply adopt the statements provided by the Department. There is no indication that the Board could not or did not evaluate the necessary evidence. Similarly, neither the statements of the subject matter experts identified by Jones nor the Department's failure to provide Jones's entire application to the Board indicates that the Department failed to properly consider Jones's application. The Board notes

that even the subject matter experts recognized Jones's experience, although they found that it was not the required experience for the positions, which indicates that his applications were adequately evaluated. Jones thus fails to demonstrate that the Board's conclusion that the Department complied with the *Initial Decision* was not supported by substantial evidence. Similarly, Jones's disagreement with the Board's finding that the information not provided by the Department was similar to that in his resume does not indicate that the Board's determination was unsupported by substantial evidence.

"[T]here is a presumption that public officers perform their duties correctly, fairly, in good faith, and in accordance with law and governing regulations and the burden is on the plaintiff to prove otherwise." *Haley v. Dep't of the Treasury*, 977 F.2d 553, 558 (Fed. Cir. 1992) (internal quotation marks omitted). "[A] challenger seeking to prove that a government official acted in bad faith in the discharge of his or her duties must show a specific intent to injure the plaintiff by clear and convincing evidence." *Rd. & Highway Builders, LLC v. United States*, 702 F.3d 1365, 1369 (Fed. Cir. 2012) (internal quotation marks omitted). We see no error in the Board's determination that there is insufficient evidence to overcome this presumption to show that the Department's personnel engaged in wrongful conduct.

Because the selection of other candidates has no bearing on Jones's qualifications and the outcome of the case is the same for Jones whether or not the Department erred in selecting other candidates or whether other candidates were in fact selected, this court need not reach these arguments. The long pendency of Jones's case before the Board, the low percentage of veterans in the Department, and Jones's multiple applications for positions do not indicate any legal or factual error in how the Board handled the case before it. Jones's status as a

veteran is undisputed in the present case, and so Jones's argument that the Department contests his status as a veteran in other cases is not considered. We have carefully considered Jones's other arguments and determine that they lack merit.

There is no indication that the Board abused its discretion, did not act in accordance with law, did not follow the required procedures, or that the Board's determination was unsupported by substantial evidence.

CONCLUSION

For the foregoing reasons, this court affirms the Board's decision.

**AFFIRMED**

COSTS

Each party shall bear its own costs.