NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2015-3038

---

Petition for review of the Merit Systems Protection Board in Nos. DE-3330-12-0137-I-2, DE-3330-12-0338-I-2.

---

Decided: July 10, 2015

---

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., KIRK T. MANHARDT.

---

Before PROST, *Chief Judge,* CLEVENGER and MOORE, *Circuit Judges.*

PER CURIAM.

John Paul Jones III appeals the final decision of the Merit Systems Protection Board ("Board"), which denied Mr. Jones's petition for review and affirmed the administrative judge's initial decision denying Mr. Jones's request for corrective action under the Veterans Employment Opportunities Act of 1998 ("VEOA"). For the reasons discussed below, we affirm.

BACKGROUND

Mr. Jones is a preference eligible veteran. He served in the military as a medical corpsman during the Vietnam War, and also has many years of private sector experience in health-related fields.

In 2011, the Department of Health and Human Services ("HHS") issued two concurrent competitive and merit promotion vacancy announcements, both for overseas positions with the Center for Disease Control and Prevention ("CDC"). The first vacancy was for a Management and Operations Public Health Advisor ("PHA") position, for which six job requests were issued. Hired candidates were expected to "[m]anage, coordinate, and evaluate all aspects of complex public health programs . . . [and m]anage grant/cooperative agreements and comparable funding sources for contracts." Resp't's App. 33. The second vacancy was for a Technical PHA position, for which nine job requests were issued. Hired candidates were expected to be familiar with "grant/cooperative agreements or other contracts" and to "[d]evelop, implement, and manage public health programs many of which may be significant in complexity." *Id.* at 27–28. Both vacancies required that "qualify[ing] applicants must possess at least one year of specialized experience (at the next lowest grade) that has equipped the applicant with the particular knowledge, skills, and abilities to successfully perform the duties of" the position. *Id.* at 28, 34. The Management and Operations PHA vacancy further

specified that "specialized experience" was "experience such as serving as a public health advisor or a principle representative, providing financial accountability, performing internal controls, and/or planning strategic initiatives and policies." *Id.* at 34.

Mr. Jones applied for all fifteen open jobs, submitting his resume and other application materials, and completing the self-assessments with the highest attainable scores in every relevant category. Although Mr. Jones indicated an interest in HIV/AIDS-related work for the Management and Operations PHA vacancy, he did not do so for the Technical PHA vacancy. Therefore, he was not considered for two of the Technical PHA positions for which only applicants who had listed HIV/AIDS as a job preference were considered. However, Mr. Jones did remain in consideration for the other thirteen PHA positions. But upon review by three Human Resources ("HR") Specialists, Mr. Jones was rated as not qualified for any of the positions based on lack of the required one year of specialized experience.

After exhausting his administrative remedies with the Department of Labor, Mr. Jones filed two VEOA appeals with the Board challenging his non-selection for the PHA positions. He argued, among other things, that his prior work experience had not been properly valued and that the agency had improperly failed to afford him priority consideration in the selection process.

The administrative judge consolidated the appeals, and, after full briefing and a hearing, issued an initial decision affirming the HHS's determination that Mr. Jones was not qualified for the positions. In his decision, the administrative judge explained that Mr. Jones's military experience as a medical corpsman treating soldiers in combat in Vietnam did not involve public health programs or grants/cooperative agreements, as required for the vacant positions. And with respect to Mr.

Jones's private sector experience, the administrative judge agreed with the testimony of the three HR Specialists that Mr. Jones did not show the type of experience required by the positions. In particular, the administrative judge explained that, although Mr. Jones's resume showed extensive administrative experience, it did not show the requisite work with public health programs, as a public health advisor, or experience planning strategic initiatives and/or analyzing public health programs. The administrative judge also found that, because the agency acted within its discretion in finding Mr. Jones not qualified, any failure to afford him priority consideration was harmless error.

Mr. Jones petitioned for review of the initial decision. After additional briefing, the Board agreed with the administrative judge, denied the petition for review, and affirmed the initial decision. Mr. Jones then appealed to this court.

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Jones's primary contention is that the agency failed to properly value his experience when finding him unqualified for the PHA positions. When experience is a factor in determining eligibility, the agency is required to credit a preference eligible veteran with his or her military service that was in a position similar to the one being sought, as well as with all other "valuable experience." *See* 5 C.F.R. § 302.302(d).

We conclude that the Board's decision is supported by substantial evidence. As an initial matter, it was reasonable for the agency to exclude Mr. Jones from consideration for the Technical PHA positions that required an expressed interest in HIV/AIDS work based on his failure to indicate such preference. And with respect to the remaining positions, the Board properly upheld the administrative judge's findings on the agency's evaluation of Mr. Jones's prior experience. As the Board explained, the administrative judge considered Mr. Jones's application materials as well as the testimony of three HR Specialists. After evaluating that evidence, the administrative judge concluded that Mr. Jones's experience, while extensive, did not involve the requisite work in public health programs, as a public health advisor, or experience planning strategic initiatives and/or analyzing public health programs. Because the Board's findings are supported by substantial evidence, and because we are not free at this stage to reweigh the credibility determinations made below, we must uphold the Board's determination regarding the agency's evaluation of Mr. Jones's qualifying experience. *See Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) ("[A]n evaluation of witness credibility is within the discretion of the Board and . . . such evaluations are virtually unreviewable upon appeal.") (citations omitted) (internal quotation marks omitted).

We also agree with the remainder of the Board's conclusions challenged by Mr. Jones. With respect to priority consideration, we agree that any failure of the agency to afford Mr. Jones priority consideration is harmless, as the agency ultimately concluded that Mr. Jones was not qualified for the relevant PHA positions. With regards to Mr. Jones's complaint of age discrimination, the record demonstrates that he was passed over for the PHA positions because he was deemed unqualified, not because of his age. Finally, while Mr. Jones argues about the low percentage of veterans in the HHS and the fact that he

has applied for hundreds of positions without once being hired, our review in this case is restricted to whether the Board correctly upheld the administrative judge's decision in *this* case.

We have carefully considered the remainder of Mr. Jones's arguments and have determined that they lack merit. For the foregoing reasons, we affirm the Board's decision and deny Mr. Jones's request for remedies.

**AFFIRMED**

Costs

Each party shall bear their own costs.