NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOHN PAUL JONES, III,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2015-3123

_____

Petition for review of the Merit Systems Protection Board in No. DE-3330-14-0364-I-1.

-------------------------------------------------------------------------

**JOHN PAUL JONES, III,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

_____

2015-3129

_____

Petitions for review of the Merit Systems Protection Board in No. DE-3330-14-0294-I-1, DE-3330-14-0295-I-1, DE-3330-14-0302-I-1.

―――――――――――

Decided: October 13, 2015

―――――――――――

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondents. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

―――――――――――

Before LOURIE, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

In these consolidated appeals, John Paul Jones, III ("Jones") appeals from two final orders of the Merit Systems Protection Board (the "Board"), which denied his petitions for review and affirmed the Administrative Judge's ("AJ's") decisions to deny his requests for corrective action under the Veterans Employment Opportunities Act of 1998 ("VEOA"). *Jones v. Dep't of Veterans Affairs*, No. DE-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-I-1 (M.S.P.B. Apr. 13, 2015) ("*Jones I Final Order*"); (M.S.P.B. Dec. 22, 2014) ("*Jones I Initial Decision*"); *Jones v. Dep't of Health & Human Servs.*, Nos. DE-3330-14-0294-I-1, DE-3330-14-0295-I-1, DE-3330-14-0302-I-I (M.S.P.B. Apr. 2, 2015) ("*Jones II Final Order*"); (M.S.P.B. Nov. 24, 2014) ("*Jones II Initial Decision*"). We consider both appeals in this one opinion, but evaluate them separately. Because the Board did not err in denying both of Jones's petitions for review, we *affirm*.

BACKGROUND

Jones served in the Army as a medical corpsman during the Vietnam War. As a result of his service, Jones is eligible for a five-point preference when seeking Federal employment. Jones has previously unsuccessfully appealed to this court from four different Board decisions since 2012 as part of his efforts to seek Federal employment. *See Jones v. Dep't of Health & Human Servs.*, No. 2015-3038, 2015 WL 4153929 (Fed. Cir. 2015); *Jones v. Dep't of Health & Human Servs.*, 544 F. App'x 976 (Fed. Cir. 2013); *Jones v. Dep't of Health & Human Servs.*, 542 F. App'x 912 (Fed. Cir. 2013); *Jones v. Merit Sys. Prot. Bd.*, 497 F. App'x 1 (Fed. Cir. 2012).

I

In 2014, Jones applied for Vacancy Announcement No. PG-14-DBA-1094170-ORD, as an Administrative Officer at the GS-14 level at the Department of Veterans Affairs ("VA"). As part of his application, Jones submitted a 30-page resume. Jones described his previous work experience, most of which he gained at King Faisal Specialized Hospital in Riyadh, Saudi Arabia. In his resume, Jones explained that "Saudi Arabia was one of the poorer countries on earth," "[g]oats still grazed the streets," and "[t]here was no organized city garbage disposal." *Jones I*, Appeal No. 2015-3123, Resp't's App. 50. According to Jones, those statements demonstrated his ability to work constructively in different environments.

Because the VA required applicants to have specialized experience, the VA required that applicants complete a self-assessment questionnaire to determine their suitability for the position. Jones completed the questionnaire, and for each selective experience question that the VA posed, Jones stated that he was "considered an expert in performing" the stated task. *Id.* at 27–30. Based on Jones's self-assessment, he was initially deemed "Best

Qualified" for the position. The VA then performed an audit of Jones's application materials and found that Jones's claimed "specialized experience" was not supported by his resume. Because Jones did not demonstrate the "specialized experience" necessary for the position, the VA ultimately deemed Jones ineligible for the position.

In response to his denial from the VA, Jones filed a complaint with the Department of Labor. Jones alleged that the VA violated the VEOA when it failed to find his experience sufficient to meet the selection criteria required by the announcement. The Department of Labor denied Jones relief, and Jones appealed to the Board.

The Board's AJ denied Jones's request for corrective action. *Jones I Initial Decision* at 2. The AJ found that there was no dispute of material fact, and accordingly declined to hold a hearing. *Id.* at 1. According to the AJ, Jones did not proffer "any evidence that [the VA] did anything other than what the evidence shows it did— which was to consider, but find inadequate, [Jones's] resume." *Id.* at 6. The AJ further found that Jones's assertion that the VA used "overly selective criteria" was not a violation of veteran's preference and was beyond the AJ's review. *Id.* at 6–7. The AJ thus concluded that the VA did not violate any of Jones's VEOA rights. *Id.* at 7. Jones timely petitioned the full Board for review of the initial decision.

The full Board denied the petition for review and affirmed the AJ's initial decision. *Jones I Final Order* at 2. The Board found that the VEOA did not "empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency." *Id.* at 6. The Board found that Jones did not identify any relevant experience in his resume that the VA failed to consider in reviewing his application and in making the determina-

tion that Jones was ineligible. *Id.* at 7. According to the Board, "[a]n agency is not required to hire a preference-eligible veteran, if, as was the case here, the agency does not believe that the candidate is qualified or possesses the necessary experience." *Id.*

The Board also addressed Jones's argument that the AJ failed to substantively address the VA counsel's use of the phrases "goat herder" and "garbage collector" in a pleading in reference to Jones's work experience. *Id.* The Board found that the counsel's conduct, including the use of the language Jones objected to, did "not constitute preponderant evidence that the agency violated [Jones's] statutory or regulatory veterans' preference rights in the selection process." *Id.* at 8. The Board thus denied Jones's petition for review. *Id.*

Jones appealed to this court from the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

In 2014, Jones also applied for three different positions at the Centers for Disease Control, an agency of Health and Human Services ("HHS"): Vacancy Announcement Nos. HHS-CDC-D3-14-1053427, HHS-CDC-D3-14-1049139, and HHS-CDC-D4-14-1058639. Each of the three competitive selection vacancy announcements indicated that the HHS had concurrently issued a vacancy announcement for the same position under merit promotion procedures. The competitive selection announcements advised the applicants to apply separately for each announcement to be considered under both procedures. However, Jones did not apply to the vacancy announcements under the merit promotion procedures, but did so only under the competitive selection procedure. In any event, for each position, HHS determined that Jones was not eligible for employment pursuant to the vacancy

announcement. HHS made no employment selections pursuant to the competitive selection announcements, and, instead, made all of its employment selections pursuant to the merit promotion vacancy announcements.

Following HHS's non-selection of Jones for the vacancies, Jones filed three complaints with the Department of Labor. The Department of Labor denied him relief, and he appealed to the Board.

The AJ consolidated Jones's appeals and denied his requests for corrective action. *Jones II Initial Decision* at 2. As in *Jones I*, the AJ found that there was no dispute of material fact, and accordingly declined to hold a hearing. *Id.* The AJ first found that HHS's unrebutted evidence established that HHS never made selections from the three competitive selection vacancy announcements, "instead making all selections from the applicable merit promotions announcements." *Id.* at 5. The AJ concluded that HHS did not violate the VEOA by advertising a vacant position under both competitive selection and merit promotion announcements, and then making its selection exclusively from the merit promotion announcement. *Id.* at 5–6. Even if HHS had filled the positions from competitive selection announcements, the AJ found that "preponderant evidence establishes that the agency did not improperly omit, overlook, or exclude a portion of [Jones's] experiences or work history in assessing his qualifications for the vacancy and finding him not qualified." *Id.* at 8–9. Jones petitioned the full Board for review of the initial decision.

The full Board denied the petition for review and affirmed the AJ's initial decision. *Jones II Final Order* at 2. The Board agreed with the AJ that Jones failed to show that HHS violated his veterans' preference rights "when it made its selections from the merit promotions certificates issued pursuant to the merit promotion announcements,

for which he did not apply." *Id.* at 4. The Board also agreed that there was no genuine issue of material fact, and as a result, the AJ did not err in proceeding without a hearing. *Id.* Responding to Jones's claim that the AJ was biased against him, the Board found that Jones failed to meet his burden of showing that the AJ's actions evidenced "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 5 (citation omitted).

Jones appealed to this court from the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

To establish a claim under the VEOA, a preference eligible veteran must show that an agency has violated his rights under any statute or regulation relating to veterans' preference with respect to federal employment. *See* 5 U.S.C. § 3330a(a)(1)(A).

## I

We first consider whether the Board erred in denying Jones's request for corrective action under the VEOA for

the VA vacancy announcement. Jones argues that the VA violated his VEOA rights, and he specifically asserts that the VA counsel's use of the "slurs," "goat herder" and "garbage collector," was overlooked by the Board. Jones also contends that he should have been entitled to a hearing because there were disputed material facts.

The government responds that the Board did not err in denying Jones's request for corrective action. According to the government, the VA properly reviewed Jones's relevant experience. The government contends that VA counsel's choice of language during the Board proceedings does not diminish the fact that the VA gave due consideration to the experience listed in Jones's application materials and deemed him ineligible *prior* to the Board proceedings. Finally, the government argues that the Board correctly concluded that the VEOA appeal could be decided without a hearing because there were no genuine disputes of material fact.

We agree with the government that the Board did not err in denying Jones's requests for corrective action under the VEOA. Jones does not dispute that the VA reviewed and considered all of his application materials. As the Board found, the VA deemed Jones ineligible for the vacant position because he was unable to demonstrate the "specialized experience" necessary for the position. As we have stated, "the VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). And to the extent Jones argues that the test the VA used in deeming him ineligible was too strict, the VEOA does not empower the Board to supplant the VA's criteria with its own. *See id.* Although the VA counsel's choice of language in its pleading may not have been satisfying to Jones, the language does not indicate that the VA misinterpreted Jones's relevant work experience when reviewing his employment application.

With respect to Jones's argument about the lack of a hearing, "the Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law." *Haasz v. Dep't of Veterans Affairs*, 108 M.S.P.R. 349, 353 (2008) (citations omitted); *see* 5 C.F.R. § 1208.23(b) ("[a] hearing *may* be provided to the appellant" (emphasis added)). Jones has failed to point to any genuine dispute of material fact, and thus the Board did not err in declining to conduct a hearing. We have considered Jones's remaining arguments, but find them unpersuasive.

## II

We next consider whether the Board erred in denying Jones's request for corrective action under the VEOA for the three competitive selection vacancy announcements at HHS. Jones argues that HHS violated his rights pursuant to the VEOA, and further contends that the Board erred in failing to consider the AJ's bias against Jones. Jones also asserts that he should have been entitled to a hearing because there were disputed material facts.

The government responds that the Board did not err in denying Jones's requests for corrective action. According to the government, HHS did not violate Jones's rights under the VEOA by making its employment selections through merit promotion announcements. The government also asserts that the Board considered the allegations of bias, but correctly found that there was no abuse of discretion by the AJ.

We agree with the government that the Board did not err in denying Jones's requests for corrective action under the VEOA. As the Board found, HHS posted three competitive selection vacancy announcements, and concurrently posted announcements for the same positions under merit procedures. Jones did not apply to the merit promotion vacancy announcements, and HHS made its

selections through those merit-based announcements. The Board did not err in concluding that Jones was not denied his rights pursuant to the VEOA because an agency may solicit applications from both the public and merit promotion applicants simultaneously, and then fill the vacant position from the merit promotion certificate without violating the rights of those who applied only through the public, competitive process. *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1384–85 (Fed. Cir. 2007).

The Board considered Jones's allegation of bias, but the Board correctly concluded that there was no abuse of discretion by the AJ. Jones argues that the AJ's decision not to grant a hearing is evidence of the bias, but Jones has failed to point to any genuine dispute of material fact that would necessitate a hearing. *See Haasz*, 108 M.S.P.R. at 353. None of the AJ's actions exhibited "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We therefore conclude that the Board did not err in denying Jones's request for corrective action under the VEOA. We have considered Jones's remaining arguments, but find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decisions of the Board in both appeals are *affirmed*.

**AFFIRMED**