## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III,<br><br>    Appellant,<br><br>  v.<br><br>DEPARTMENT OF HEALTH AND<br> HUMAN SERVICES,<br><br>    Agency. | DOCKET NUMBERS<br>DE-3330-15-0551-I-1<br>DE-3330-15-0550-I-1<br>DE-3330-16-0003-I-1<br>DE-3330-16-0006-I-1<br>DE-3330-16-0012-I-1<br>DE-3330-16-0013-I-1<br>DE-3330-16-0026-I-1<br>DE-3330-16-0027-I-1 |

DATE: September 9, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Robert L. Thomas, Esquire, Corey Thompson, Esquire and Laura VanderLaan, Atlanta, Georgia, for the agency.

Christy Te, Esquire and Susan M. Andorfer, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which denied corrective action in this joinder of eight right-to-compete appeals[2] under the Veterans Employment Opportunities Act of 1998.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The agency issued vacancy announcements for four GS-14 and two GS-15 Public Health Advisor positions, and two GS-14 Lead Public Health Advisor positions.  The appellant applied but not was not selected for them because he lacked the required 1 year of specialized experience.  After the appellant exhausted his remedies with the Department of Labor, he filed these eight appeals.  The administrative judge joined the appeals and determined that there were no material facts in dispute warranting a hearing.  He therefore issued a

---

[2] This appeal is a joinder of eight similar appeals from the same appellant:  MSPB Docket Nos. DE-3330-15-0551-I-1, DE-3330-15-0550-I-1, DE-3330-16-0003-I-1, DE-3330-16-0006-I-1, DE-3330-16-0012-I-1, DE-3330-16-0013-I-1, DE-3330-16-0026-I-1, and DE-3330-16-0027-I-1.

decision on the written record in which he found that the appellant failed to prove that he was entitled to corrective action. The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the petition for review and the appellant replied to the agency's response. PFR File, Tabs 3-4.

¶3    Nearly all of the arguments that the appellant raised in his appeals are identical or substantially the same as arguments he has raised, and we have addressed, in earlier appeals. We find no error in the administrative judge's pre-decisional rulings or in his initial decision, and we will not revisit the appellant's reiteration of arguments previously considered and rejected.

¶4    The appellant has made a new claim against the administrative judge. In a pleading entitled "Clarification Sought concerning Matters related to Court Deportment," the appellant stated that one of the agency's representatives, Mr. Thomas, engaged in abusive conduct[3] in an earlier case, the administrative judge had (in his opinion) fostered a culture of "anything goes" by denying the appellant's motion to disqualify Mr. Thomas and otherwise failing to protect the appellant, and he was concerned about the possibility of future incidents. MSPB Docket No. DE-3330-16-0003-I-1, Initial Appeal File (0003 IAF), Tab 25 at 4-5; MSPB Docket No. DE-3330-16-0006-I-1, Initial Appeal File (0006 IAF), Tab 24 at 4-5. He asked:

> [W]hat will be the correct response if . . . Mr. Thomas . . . decides to call Appellant's wife a "slut and a whore"? Neither the Appellant nor his wife will be satisfied with a "tut-tut," and would provide an appropriate response that would ensure Mr. Thomas would never do it again.

0006 IAF, Tab 24 at 5. The appellant asserted that he "must conclude" that the administrative judge would allow racial slurs, demeaning characterizations,

---

[3] This alleged conduct did not involve racial slurs. The purported racial slurs to which the appellant refers later were uttered by a different agency representative in an appeal involving a different agency.

physical and economic threats, and threats and insults to the appellant's wife in his courtroom. *Id.* He stated, "If that conclusion is correct, then Appellant will undertake all necessary and legitimate measure to defend himself and his wife." *Id.* The administrative judge responded with an order that informed the parties that he expected them to behave as they would in any legal proceeding. 0003 IAF, Tab 27 at 1; 0006 IAF, Tab 26 at 1. He also stated:

> I remind the parties that the Board speaks only through its issuances; the parties have no authority to presume to speak on the Board's behalf, even by adverse inference. A party makes assumptions – such as the [assumptions the appellant made] – at his own peril.

0006 IAF, Tab 26 at 1. The appellant responded with a pleading in which he reiterated his allegations about the alleged abuse he has suffered in the courtroom in prior cases and the Board's failure to do anything about it, and he stated, "Oh, the threats, they do proliferate." 0003 IAF, Tab 29 at 4-5; 0006 IAF, Tab 28 at 4-5. The appellant's disingenuous assumption that the administrative judge would permit contumacious behavior was provocative and unnecessary and his interpretation of the administrative judge's warning about the perils of making assumptions as a threat is unreasonable. We discern no error in the administrative judge's statement.

¶5    The appellant filed a "Motion with USERRA Charge"[4] in each of the eight appeals in which he stated, for "the instant complaint and all future complaints, he is requesting that the matter be adjudicated under BOTH the provision of USERRA as well as the VEOA."[5] He subsequently filed pleadings in all eight

_____

[4] Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335).

[5] MSPB Docket No. DE-3330-15-0550-I-1, Initial Appeal File (0550 IAF), Tab 7 at 4; MSPB Docket No. DE-3330-15-0551-I-1, Initial Appeal File (0551 IAF), Tab 7 at 4; 0003 IAF, Tab 5 at 4; 0006 IAF, Tab 4 at 4; MSPB Docket No. DE-3330-16-0012-I-1, Initial Appeal File (0012 IAF), Tab 5 at 4; MSPB Docket No. DE-3330-16-0013-I-1, Initial Appeal File (0013 IAF), Tab 5 at 4; MSPB Docket No. DE-3330-16-0026-I-1, Initial Appeal File (0026 IAF), Tab 4 at 4; MSPB Docket No. DE-3330-16-0027-I-1, Initial Appeal File (0027 IAF), Tab 4 at 4.

appeals that contained the following statement: "Appellant is not pursuing a claim for the violations covered in this docket number by any other law, rule, or regulation."[6]

¶6    In his joinder order, the administrative judge found that the Board had jurisdiction over the appellant's VEOA right-to-compete claim, but stated that the Board lacked jurisdiction over any other claim, without explicitly mentioning USERRA. MSPB Docket No. DE-3330-15-0551-I-1 (0551 IAF), Tab 13 at 3. The appellant did not preserve an objection to the administrative judge's failure to recognize a USERRA claim and in fact did not mention USERRA at all for the remainder of the appeal. 0551 IAF, Tabs 14-15, 19, 21. The administrative judge did not address USERRA in the initial decision, and the appellant does not address any USERRA claim against the agency in his petition for review. To the extent that the administrative judge should have made an explicit ruling concerning the appellant's USERRA claims, any failure to do so did not prejudice the appellant's substantive rights. The appellant appears to have waived his USERRA claims in writing in each appeal and he does not assert that the Board has not addressed them.

¶7    On review, the appellant contends that the administrative judge erred by finding that there were no material facts in dispute and therefore erred by deciding the appeal without a hearing. PFR File, Tab 1 at 4. We previously have addressed essentially the same argument in the appellant's prior appeals and will not revisit them here. Based on our review of the record, we agree with the administrative judge that the appellant did not raise a genuine dispute of material fact warranting a hearing. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009).

---

[6] 0550 IAF, Tab 8 at 6; 0551 IAF, Tab 8 at 6; 0003 IAF, Tab 8 at 6; 0006 IAF, Tab 9 at 6; 0012 IAF, Tab 8 at 6; 0013 IAF, Tab 8 at 6; 0026 IAF, Tab 8 at 6; 0027 IAF, Tab 8 at 6.

¶8    The appellant further alleges on review that the administrative judge intentionally delayed issuing the initial decision beyond the 120-day adjudication standard in retaliation for the appellant's persistence in seeking redress for racial slurs made by a representative for another agency in a different appeal. PFR File, Tab 1 at 4-6. The Board already has addressed the appellant's contention that the administrative judge did not take the remarks seriously enough in that appeal. *Jones v. Department of Veterans Affairs,* MSPB Docket No. DE-3330-14-0364-I-1, Final Order, ¶¶ 11-12 (Apr. 13, 2015). The Board concluded that the administrative judge's actions did not constitute bias, and the agency representative's comments were not evidence that the agency violated the appellant's veterans' preference rights. *Id.* The appellant sought review before the U.S. Court of Appeals for the Federal Circuit, and the court affirmed the Board's decision, specifically addressing the appellant's arguments about the agency representative's remarks. *Jones v. Department of Veterans Affairs*, 629 F. App'x 956, 960 (Fed. Cir. 2015). To the extent that the appellant invites the Board to reopen that issue, he has not come forward with new evidence of sufficient weight to warrant a different outcome in that case, and we see no reason to take the extraordinary step of reopening an appeal in which a final court decision already has been issued.

¶9    Aside from the appellant's theory that his refusal to let the matter drop has caused the administrative judge to intentionally retaliate against him by delaying his issuance of the initial decision, the appellant identifies no evidence and offers no plausible theory as to why any alleged retaliation was because of his uniformed service, as required for a successful USERRA claim. To the extent that the appellant's allegations could be seen as a claim of administrative judge bias, the appellant has not presented sufficient evidence to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Further, the Board has long recognized that an administrative judge's

failure to issue an initial decision within the Board's 120-day standard is not evidence of bias and does not constitute reversible error. *McCollum v. Department of Veterans Affairs*, 75 M.S.P.R. 449, 462 (1997); *Sanborn v. Department of the Navy*, 15 M.S.P.R. 553, 554 (1983).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.