NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2017-1055

---

Petition for review of the Merit Systems Protection Board in Nos. DE-4324-15-0469-I-1, DE-4324-15-0475-I-1.

---

Decided: April 6, 2017

---

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

AARON WOODWARD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; ROBERT L. THOMAS, Office of the General Counsel, United States Department of Health and Human Services, Atlanta, GA.

---

Before DYK, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

John Paul Jones, III, petitions for review of a final decision of the Merit Systems Protection Board ("Board"). Jones was not selected for four Department of Health and Human Services ("HHS") positions. He petitioned the Board for corrective action, alleging that HHS had engaged in discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), and that HHS had improperly declined to afford him veteran hiring preferences in violation of the Veterans Employment Opportunity Act of 1998 ("VEOA"). The Board denied Jones's petition. We *affirm*.

## BACKGROUND

Jones is a Vietnam War veteran who applied to four HHS vacancies, announced as "Public Health Advisor[s] with the National Center for Emerging and Zoonotic Infectious Diseases, . . . Quarantine and Border Health Services Branch." J.A. 10. These positions' duties included "directing strategies designed to protect the United States from communicable disease, analyzing data to evaluate . . . such programs, . . . providing expert quarantine advice, . . . [and] serving as the team leader of the assigned . . . Quarantine Station." J.A. 11. Jones, who did not have a medical degree, was not selected.

Jones sought corrective action from the Board, alleging that his non-selection was due to his military service and that HHS had engaged in discrimination and retaliation in violation of USERRA. The Administrative Judge ("AJ") found that, although HHS found Jones to be qualified for the position, the HHS selecting official "credibly testified about his respect for members of the uniformed service, . . . his recent hiring of 8 veterans, [and the fact

that] one [of the four candidates ultimately selected] was a member of the uniformed service in the commissioned corps of the public health service." J.A. 18. The AJ also found that HHS did not select Jones due to his "lack of formal education or formal experience in the specific areas of quarantine, communicable disease prevention and control, and/or bioterror." J.A. 16. The AJ therefore held that Jones "did not prove his military service was a substantial or motivating factor in his non-selection," J.A. 14, and that Jones would not have been selected for legitimate, non-discriminatory reasons regardless of his military service. The AJ also rejected Jones's VEOA claim because veteran preferences were not applicable to the four hiring decisions at issue. Jones petitioned for review of this initial decision, which the Board denied. The Board affirmed the AJ's initial decision as its final decision.

Jones petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

In his petition for review, Jones argues that his non-selection violated USERRA and VEOA. We find no error in the Board's conclusions.

In USERRA discrimination claims, the appellant "bear[s] the initial burden of showing by a preponderance of the evidence that . . . military service was a substantial or motivating factor in the adverse employment action." *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir.

2001) (quotation marks omitted). After this initial showing, "the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason." *Id.*

Here, the Board found that "the appellant did not meet his burden of showing that his military service was a motivating or substantial factor in his non-selection." J.A. 15. The Board found that HHS hired individuals "consistent with the needs for the position and the appellant's lack of formal education or formal experience in the specific areas" that the position required. J.A. 16. In particular, these positions needed to be filled "in the midst of the Ebola crisis . . . [during which] [t]he agency needed . . . individuals who could hit the ground running." J.A. 17.

This court appreciates that "[b]ecause employers rarely concede an improper motivation for their employment actions, . . . [the] burden to establish that . . . military service . . . was a motive in the challenged action [may be met] by submitting evidence from which such a motive *may be fairly inferred.*" *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1372 (Fed. Cir. 2016) (emphasis added). However, before the Board and on appeal, Jones provided no direct evidence that his military service played a "substantial or motivating factor" in his non-selection for these four positions. Instead, Jones alleges that there had been odious emails from an HHS employee airing negative views about veterans in a different matter, that HHS had pre-selected candidates for other positions in the past, and that HHS employs fewer veterans compared to other federal agencies. However, none of these allegations is linked to the HHS selection decisions here, and substantial evidence supports the Board's conclusion that Jones had not established that his military service was a "substantial or motivating factor" in his non-selection.

Because Jones was "not nearly as qualified as those who were selected," J.A. 17, the AJ also found that "the appellant would not have been selected, based on legitimate non-discriminatory reasons, regardless of . . . the appellant's military service." J.A. 20. Substantial evidence supports the Board's conclusions in this respect as well.

Jones has brought numerous prior suits challenging HHS hiring decisions, and alleges here that his non-selection was retaliation for bringing those cases. Substantial evidence supports the Board's finding that the HHS actions taken in this case were not in retaliation.

Finally, Jones alleges that his VEOA rights were violated because the selecting official "simply ignore[d] the legal preference that veterans are due." Appellant Br. 5. Veteran preferences "appl[y] only in the open competition examination process and not in the merit appointment process." *Joseph v. FTC*, 505 F.3d 1380, 1383 (Fed. Cir. 2007). Here, the four positions were filled under the merit process, which "guaranteed veterans only a right to apply and an opportunity to compete for such positions." *Id.* The Board found that the "appellant was allowed to compete for the positions." J.A. 22. Jones does not allege otherwise. Therefore, we conclude that the appellant's VEOA claims are groundless.

We have considered the appellant's remaining arguments and find them without merit.

**AFFIRMED**

COSTS

No costs.