**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN PAUL JONES,

    Plaintiff - Appellant,

v.

THOMAS E. PRICE, Secretary,
Department of Health and Human
Services,[*]

    Defendant - Appellee.

No. 16-2234
(D.C. No. 1:15-CV-00594-JAP-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

John Paul Jones appeals from the district court's grant of summary judgment

to the Secretary of the Department of Health & Human Services (HHS) on his claims

of age discrimination in violation of the Age Discrimination in Employment Act

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Thomas E. Price has been substituted for Sylvia Matthews Burwell as Secretary of the Department of Health and Human Services.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(ADEA), 29 U.S.C. §§ 621-634.  He also challenges the district court's denial of his motion for protective order and sanctions.  We affirm the challenged judgment and order of the district court.

## BACKGROUND

In 2009, HHS issued vacancy announcements for seven positions with the Centers for Disease Control and Prevention (CDC).  Three of the positions were for Public Health Advisors, and four were for Health Communications Specialists.  All seven of these positions were based in the United States—six in Atlanta, Georgia, and one in Lansing, Michigan.  Each position required one year of specialized experience at or equivalent to the GS-11 or GS-12 level, defined as experience that had equipped the applicant to successfully perform the duties of the position.

Mr. Jones, who was sixty-four years old at the time, submitted an online application for each of the seven positions.  Human Resources (HR) specialists reviewed his applications for each position.  Each HR specialist concluded that he was not a qualified applicant because he lacked the required year of specialized experience.  As a result, Mr. Jones's name was not forwarded to the selecting official for further consideration for any of the seven positions.

Mr. Jones filed a complaint of employment discrimination with HHS, alleging that the non-referrals were due to age discrimination.  HHS investigated and held a hearing before an administrative law judge (ALJ).  It issued a final decision finding no discrimination.  Mr. Jones appealed to the Equal Employment Opportunity Commission (EEOC), which affirmed the HHS decision.  He then filed this action.

Both parties moved for summary judgment. The district court denied Mr. Jones's motion and granted the Secretary's. It concluded that Mr. Jones had failed to demonstrate a genuine issue of material fact concerning whether he was qualified for the positions, and thus failed to present a prima facie case of age discrimination sufficient to survive summary judgment. It further concluded that even if he could establish a prima facie case, HHS had advanced legitimate, nondiscriminatory reasons for not hiring Mr. Jones, and he had failed to come forward with evidence showing those reasons were pretextual.

## DISCUSSION

### 1. Age Discrimination Claim

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1265 (10th Cir. 2015). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe Mr. Jones's pro se pleadings liberally, but do not serve as his advocate. *Jordan v. Sosa*, 654 F.3d 1012, 1018 n.8 (10th Cir. 2011).

A plaintiff may establish age discrimination under the ADEA by providing either direct or circumstantial evidence of discrimination. *See Roberts v. Int'l Bus. Machs. Corp.*, 733 F.3d 1306, 1309 (10th Cir. 2013). When the plaintiff relies on circumstantial evidence, we evaluate the claim using the burden-shifting approach

described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this approach,

> If a terminated employee can make a prima facie case of discrimination, the burden shifts to the employer to articulate a nondiscriminatory reason for [not hiring] the employee.  If the employer can do that, the employee picks up the burden once more and can survive summary judgment by identifying evidence that could support a reasonable jury's concluding that the employer's proffered rationale is a mere pretext for discrimination.

*Roberts*, 733 F.3d at 1309.

The district court concluded that Mr. Jones had failed to provide direct evidence of discrimination.  It further decided that his circumstantial-evidence case failed the *McDonnell-Douglas* approach, because he failed to demonstrate he was qualified for the positions and that HHS's reasons for not hiring him were pretextual. In this appeal, Mr. Jones argues that he presented direct evidence of discrimination. He relies on testimony by Carla Boudreau, a senior hiring authority at CDC.  In 2013, she testified before the Merit Systems Protection Board in a separate proceeding concerning Mr. Jones's allegations that his veteran's preference rights had been violated in the application process for two overseas public health advisor positions, neither of which is at issue in this case.

In response to Mr. Jones's questions, Ms. Boudreau stated:

Q.  Does the [World Health Organization (WHO)] impose any requirements on the candidates in terms of their age?

A.  Yes.  The current mandatory retirement age at WHO, I believe, is either 60 or 62.

Q.  Does the CDC comply with that requirement?

A.  Yes.

4

R. at 309.

Mr. Jones contends this is evidence that CDC maintains an illegal policy of age discrimination. But as Ms. Boudreau explained in her declaration filed in this case, the overseas positions she referred to were filled pursuant to an agreement between HHS and the WHO. R. at 316. Under that agreement, "[w]hile on detail [to the WHO], CDC personnel are on no-cost WHO contracts, and are subject to certain WHO policies, including a mandatory retirement age, sixty-two (62)." R. at 316. By contrast, Ms. Boudreau explained, none of the positions that Mr. Jones applied for that are involved in this case were subject to the WHO's rules. With regard to such domestic positions, the CDC "does not . . . discriminate against applicants on the basis of age for positions based in the United States." R. at 316.

The district court concluded that "[s]ince the WHO guidelines do not apply to CDC positions in the United States . . . Ms. Boudreau's testimony is not direct evidence of HHS's discrimination in this case." R. at 378. We agree. It takes a large leap to get from an assertion that the CDC follows age-based guidelines in filling overseas positions governed by its agreement with the WHO to a conclusion that CDC failed to hire Mr. Jones for *domestic* positions because of his age. "And . . . that leap necessarily means it isn't direct evidence of discrimination." *Roberts*, 733 F.3d at 1309.

But Mr. Jones contends the district court misunderstood his argument, because his claims involving the *overseas* positions "were before the EEOC as well as the District Court." Aplt. Reply Br. at 3. He urges us to grant relief due to the CDC's

5

failure to hire him for the *overseas* positions. *See, e.g.*, Aplt. Opening Br. at 5-6.

But we cannot do that. This case is not about the overseas positions. The domestic positions were the only positions the EEOC specifically considered in its final decision in this case.[1] The EEOC listed those seven positions as the subject of Mr. Jones's formal EEO complaint to the HHS, the resolution of which triggered his right to EEOC review. R. at 34. Although Mr. Jones mentioned the overseas positions in his district-court complaint, he cited the EEOC's decision—which involved only the seven domestic positions—to prove that he had "previously sought informal or formal [relief] from the appropriate administrative officials regarding the acts complained of" in his complaint. R. at 12. And during his deposition taken in this case, Mr. Jones acknowledged that the claims before the ALJ, involving the seven positions for which he applied but was not referred, were the claims before the district court. *See* R. at 178 (depo p. 44).[2]

---

[1] The EEOC noted Mr. Jones's contention "that he has not been selected for any position although he has applied for over 90 positions with [HHS] and is entitled to veterans' preference." R. at 35. But its decision was limited to the seven domestic CDC positions at issue in this case. *See* R. at 37-38 (discussing HHS's rationale for not hiring Mr. Jones for each of the seven positions).

[2] Notwithstanding the filing of the district court record, *see* 10th Cir. R. 10.2(C), Mr. Jones has filed his own appellate appendix. The appendix includes documents that were not presented to the district court, which we therefore decline to consider. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("We generally limit our review on appeal to the record that was before the district court when it made its decision."). It also includes additional arguments that Mr. Jones has attempted to incorporate by reference into his opening brief. We reject this attempt to circumvent the briefing requirements of Fed. R. App. P. 28(a)(8)(A), which requires that the appellant's arguments be made in his brief. *Cf. also Wardell*

(continued)

In sum, the only issue before us is whether HHS violated the ADEA by failing to consider and/or hire Mr. Jones for the seven domestic CDC positions presented in his complaint. Mr. Jones has failed to establish, either with direct or circumstantial evidence, such a violation. The district court therefore properly granted summary judgment for the Secretary.

### 2. Denial of Motion for Protective Order and Sanctions

Dissatisfied by the way he was treated by an Assistant United States Attorney during his deposition in this case, Mr. Jones filed a "Motion Charging Egregious Rule 30 Violations during Deposition Process and Request for Court Protection and Sanctions." R. at 119-44. The district court denied the motion, reasoning that (1) the time to object to the defense counsel's conduct during the deposition had passed, and the district court had already granted summary judgment, so the motion for a protective order was moot; (2) defense counsel's conduct did not violate Rule 30; and (3) sanctions under the district court's inherent authority were inappropriate because counsel did not conduct the deposition in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress Mr. Jones. "The district court has broad

_v. Duncan_, 470 F.3d 954, 963-64 (10th Cir. 2006) (disapproving incorporation of pleadings from the record into appellate brief, noting that appellant's pro se status does not exempt him from complying with rules); 10th Cir. R. 28.4 (disapproving incorporation by reference of lower court or agency briefs or pleadings). In any event, much of this additional argument seems to concern whether certain witnesses were credible, an issue that is not relevant to our review. _See Helget v. City of Hays_, 844 F.3d 1216, 1223 n.3 (10th Cir. 2017) (noting that attacks on credibility of movant's witnesses is insufficient to avoid summary judgment; instead, party opposing summary judgment must present admissible, affirmative evidence to demonstrate existence of material factual issue).

7

discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion." *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (internal quotation marks omitted). Having carefully reviewed his arguments and the district court's decision, we have determined that Mr. Jones has failed to demonstrate that the district court abused its discretion by denying his motion for protective order and sanctions. Accordingly, we affirm the denial of his motion.

## CONCLUSION

The district court's judgment and order denying a protective order and sanctions are affirmed. Mr. Jones's motion and supplement, filed in this court, for a protective order and sanctions, is denied.

Entered for the Court
Per Curiam

8