NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOHN PAUL JONES, III,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

_____

2017-1353

_____

Petition for review of the Merit Systems Protection Board in Nos. DE-4324-15-0474-I-1, DE-4324-15-0499-I-1.

_____

July 17, 2017

_____

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

AARON WOODWARD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

_____

Before NEWMAN, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

John Paul Jones, III, petitions for review of a final decision of the Merit Systems Protection Board. Mr. Jones filed two appeals with the Board, alleging that the Department of Health and Human Services ("HHS") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") when he was not selected for the position of Lead Public Health Advisor. The Board consolidated the appeals and denied his request for corrective action. We affirm.

## BACKGROUND

Mr. Jones is a Vietnam War veteran who applied through two concurrent vacancy announcements for a Lead Public Health Advisor position in the Substance Abuse and Mental Health Services Administration within HHS. The duties of the position included "serv[ing] as Lead Public Health Advisor/Team Leader for a team of . . . professional staff that are responsible for planning, implementing and evaluating formula and discretionary grant programs related to substance abuse use disorder services and delivery systems" and "provid[ing] guidance to . . . organizations concerning substance use disorder services and related delivery systems." J.A. 24, 30. The vacancy notices stated that, to be eligible for the position, the "[a]pplicants must possess one year of specialized experience," including "experience coordinating the development, management and technical assistance of substance use disorder delivery systems as well as integration of such systems within primary care." J.A. 24, 30.

In his application for the position, Mr. Jones submitted a resume detailing his healthcare and military experience and also referenced several prior Board appeals in which he asserted USERRA violations. Mr. Jones's

application was reviewed by an HHS Human Resources Specialist, Cynthia Rivera, and a subject matter expert, John Campbell, both of whom determined that Mr. Jones did not have the specialized experience in substance abuse required for the position. Ultimately, HHS made its selection for the position under the merit promotion announcement, and Mr. Jones was not selected for the position.

Mr. Jones appealed to the Board, requesting corrective action and alleging that HHS violated his USERRA rights by denying him employment due to his prior military service and his prior USERRA claims. Prior to the hearing, the Board issued orders requiring the parties to submit material documentary evidence that was not in the record relevant to the vacancy announcements. The Board also indicated that irrelevant or extraneous evidence would be summarily rejected and deleted. In its rulings on prehearing submissions, the Board accepted some but not all of Mr. Jones's evidence, providing its bases for rejection and providing guidance and timelines for Mr. Jones to submit offers of proof to preserve his objections to the rulings for appeal purposes. Mr. Jones filed a motion for interlocutory appeal challenging the Board's rulings, which the Board denied as untimely. Additionally, despite the Board's repeated warnings about his conduct, the Board found that Mr. Jones had engaged in "contumacious" conduct before the Board, which warranted termination of Mr. Jones's hearing and converting the appeals to a decision on written submissions. J.A. 101–02.

In its Initial Decision, the Board denied Mr. Jones's request for corrective action. The Board found that "although [Mr. Jones] has much experience in health care administration, he failed to establish that he had the specialized experience of working in the management and delivery of substance abuse disorder delivery systems or recovery support services . . . required for the Lead Public

Health Advisor position." J.A. 15. The Board found no evidence in the record showing that HHS did not select Mr. Jones due to his veteran status or due to his protected activities under USERRA. Therefore, the Board held that Mr. Jones failed to meet his burden in proving that his prior military service or his previous USERRA claims were a substantial or motivating factor in HHS's decision not to select him for the position.

Mr. Jones appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).[1]

## DISCUSSION

In his petition, Mr. Jones argues that HHS discriminated against him by not selecting him based on his veteran status and in retaliation for seeking redress under USERRA. Mr. Jones also argues the Board abused its discretion in its procedural and evidentiary rulings. We find no error in the Board's decisions.

The Board's decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2014). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *See Gallagher v. Dep't of the*

---

[1] Mr. Jones's present appeal was docketed on December 13, 2016. The Board's initial decision did not become final until January 11, 2017 when Mr. Jones did not file a petition for review before the Board. Although not final at the time Mr. Jones filed his appeal, we retain jurisdiction where, as here, the initial decision matures to a final decision while the case is pending on appeal. *See Jones v. Dep't of Health & Human Serv.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016).

*Treasury*, 274 F.3d 1331, 1336 (Fed. Cir. 2001) (quoting *Hogan v. Dep't of the Navy*, 218 F.3d 1361, 1364 (Fed. Cir. 2000)). Further, we do not disturb the Board's credibility determinations unless they are "inherently improbable or discredited by undisputed fact." *Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997). We will not overturn the Board's discovery and evidentiary rulings "unless an abuse of discretion is clear and is harmful." *McEnery v. Merit Sys. Prot. Bd.*, 963 F.2d 1512, 1514 (Fed. Cir. 1992) (citation omitted).

USERRA prohibits discrimination in employment on the basis of military service and adverse action taken in retaliation for a veteran's assertion of substantive rights established by USERRA. *See* 38 U.S.C. § 4311 (2012); *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1012 (Fed. Cir. 2001). Under a USERRA discrimination claim, the appellant bears the initial burden to show that his "military status was at least a motivating or substantial factor in the agency action." *Sheehan*, 240 F.3d at 1014. This can be met by either direct or circumstantial evidence, including:

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Id.* (citation omitted). If the initial burden is met, the burden shifts to the employer to prove "that the action would have been taken despite the protected status." *Id.*

Under a USERRA retaliation claim, the appellant must first show that (1) he took an action protected by USERRA, and (2) his protected action was a substantial

or motivating factor in the adverse employment action taken against him. *See* 38 U.S.C. § 4311(b), (c)(2); *Hayden v. Dep't of the Air Force*, 812 F.3d 1351, 1362–63 (Fed. Cir. 2016) (citing *Sheehan*, 240 F.3d at 1013). Similarly, when the employee meets his initial burden, the employer may only avoid liability by showing that it would have taken the same action in the absence of the employee's protected action. *See Hayden*, 812 F.3d at 1363.

Here, the Board concluded that Mr. Jones failed to meet his initial burden under either the USERRA discrimination or retaliation claim. Specifically, the Board found no evidence showing that HHS's decision to make a selection under the merit promotion announcement instead of the delegated examining unit announcement was based on Mr. Jones's veteran status or his protected activities. The Board also found that HHS did not violate USERRA when it determined that under the merit promotion announcement, Mr. Jones was not qualified for the Lead Public Health Advisor position.

Substantial evidence supports the Board's decision. As the record shows, the vacancy announcements for the Lead Public Health Advisor position specifically required at least one year of specialized experience. The record shows that Mr. Jones's application was reviewed by a Human Resources Specialist, Cynthia Rivera, and a subject matter expert, John Campbell, both of whom concluded that he lacked the requisite experience for the position. By relying on this testimony, the Board implicitly credited it, and we find no basis for disturbing the Board's credibility determination on appeal. *See Pope*, 114 F.3d at 1149. Moreover, Mr. Jones presents no evidence to show that either Ms. Rivera or Mr. Campbell expressed any hostility toward veterans or Mr. Jones specifically based on his military service or his previous USERRA claims. We agree with the Board that the record is devoid of any evidence that Mr. Jones's veteran status or his protected USERRA activity were a motivat-

ing factor in HHS's decisions to hire from the merit promotion announcement or in its decision not to select Mr. Jones for the position. The record evidence merely shows that HHS found Mr. Jones unqualified based on his lack of requisite experience.

We also find no error in the Board's procedural and evidentiary rulings. Mr. Jones alleges that the Board abused its discretion by, among other actions, "deleting all [his] evidence from the efile system, denying him his right to call any witness, and denying him his right to a hearing under the bogus charge of 'contumacy,'" Pet'r's Br. 1, and by the Board's "targeted delay" in taking more than six months to render its decision, *id.* at 6.

First, regarding exhibits allegedly being deleted and witnesses denied, the Board rejected certain evidence as duplicative and rejected other evidence as irrelevant. We agree with the Board that some of Mr. Jones's proffered evidence, such as statistical evidence that HHS hires fewer veterans than other federal agencies and the alleged employee emails involved in an unrelated matter, which Mr. Jones argues demonstrates HHS's "odious" view toward veterans, are not relevant to HHS's selection decision in this case. This evidence does not rebut the record evidence that Mr. Jones was unqualified for the position.

We also conclude that the Board did not abuse its discretion in terminating Mr. Jones's hearing. Under 5 C.F.R. § 1201.43(a), the Board may impose sanctions on a party who fails to comply with the Board's orders. *See* 5 C.F.R. § 1201.43(a) ("[t]he judge may impose sanctions upon the parties as necessary to serve the ends of justice," including for "(a) [f]ailure to comply with an order"); *see also Baker v. Dep't of Health & Human Serv.*, 912 F.2d 1448, 1457 (Fed. Cir. 1990). "Before imposing a sanction, the [Board] shall provide appropriate prior warning, allow a response . . . and document the reasons for any resulting

sanction in the record." 5 C.F.R. § 1201.43.  Cancellation of a hearing for contumacious conduct is also within the Board's discretion.  *See id.* § 1201.43(e) ("A judge may cancel a scheduled hearing, or suspend or terminate a hearing in progress, for contumacious conduct.").  Here, the Board provided written warnings in its Order and Summary of Prehearing Conference, and oral warnings throughout the proceeding.  The Board finally cancelled the hearings for Mr. Jones's "rude and disrespectful conduct which regularly escalate[d] from advocacy to contumaciousness."  J.A. 101.  We find no abuse of discretion in the Board's findings regarding Mr. Jones's conduct or its discretionary determination to cancel the hearing based on that conduct.

As to the alleged "targeted delays," the Board is not required by statute or regulation to issue a decision within a particular time period, and thus Mr. Jones's argument in this regard is without merit.  *See Jones*, 834 F.3d at 1368 (citing 5 U.S.C. § 7701(b)(1) and 5 C.F.R. § 1201.111(a)).

Finally, we note that we have considered the arguments and evidence raised in Mr. Jones's Reply to Respondent's Brief and his Supplemental Brief.  Generally, Mr. Jones repeats his arguments, complaining that the Board purposefully delayed rendering a decision, the Board erred in its evidentiary rulings, and argues that the Board has "a culture that discriminates against veterans."  Pet'r's Reply to Resp't's Br. 2, 9–12.  Mr. Jones also asserts that the Board is "a failed agency" and that the Board, including its former Chair, supports veteran discrimination.   Pet'r's Supp. Br. 1–2. We find these arguments baseless.  Even when considering the supplemental record, we find no evidence to support Mr. Jones's claim that HHS discriminated against him by not selecting him for the Lead Public Health Advisor position based on his veteran status.  Accordingly, we affirm the Board's decision.

## AFFIRMED

COSTS

No costs.