NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2017-1908

---

Petition for review of the Merit Systems Protection Board in No. DE-4324-16-0240-I-1.

---

Decided: August 10, 2017

---

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before PROST, *Chief Judge,* BRYSON and STOLL, *Circuit Judges.*

PER CURIAM.

John Paul Jones, III, petitions for review of a decision of the Merit Systems Protection Board denying his claims under the Veterans Employment Opportunity Act ("VEOA") and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). We affirm.

I

Mr. Jones served on active duty in the U.S. Army during the Vietnam War. He is a preference-eligible veteran. Since 2009, he has applied for numerous employment positions with the Department of Health and Human Services ("HHS"). *See Jones v. Price*, No. 16-2234, 2017 WL 2556989, at *3 n.1 (10th Cir. June 13, 2017) (noting "Mr. Jones's contention that . . . he has applied for over 90 positions with [HHS]"). Following his non-selection for positions with that agency, he has frequently filed claims that his non-selection violated the VEOA or USERRA. *See, e.g.*, *Jones v. Dep't of Health & Human Servs.*, No. 2017-1353, 2017 WL 3016959 (Fed. Cir. July 17, 2017) ("*Jones IX*") (non-selection was not a USERRA violation); *Jones v. Dep't of Health & Human Servs.*, No. 2017-1055, 2017 WL 1279381 (Fed. Cir. Apr. 6, 2017) (non-selection was not a USERRA or VEOA violation); *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361 (Fed. Cir. 2016) ("*Jones VII*") (non-selection was not a USERRA violation); *Jones v. Dep't of Health & Human Servs.*, 655 F. App'x 819 (Fed. Cir. 2016) (non-selection was not a USERRA violation); *Jones v. Dep't of Health & Human Servs.*, 640 F. App'x 861 (Fed. Cir. 2016) ("*Jones V*") (non-selection was not a VEOA violation); *Jones v. Dep't of Health & Human Servs.*, 618 F. App'x 1013 (Fed. Cir. 2015) (non-selection was not a VEOA violation); *Jones v. Dep't of Health & Human Servs.*, 544 F. App'x

976 (Fed. Cir. 2013) ("*Jones III*") (failure to accord veterans' preference was harmless error regarding non-selection; petitioner lacked standing regarding other claims); *Jones v. Dep't of Health & Human Servs.*, 542 F. App'x 912 (Fed. Cir. 2013) (non-selection was not a VEOA violation); *Jones v. Merit Sys. Protection Bd.*, 497 F. App'x 1 (Fed. Cir. 2012) (affirming Board decision to dismiss VEOA claim against HHS as untimely).

At issue here is Mr. Jones's application for a Public Health Advisor position with the Centers for Disease Control and Prevention ("CDC"), an agency within HHS. That position was advertised at the GS-12 or GS-13 level. Mr. Jones applied only for the GS-13 level position.

The vacancy announcement provided that in order to qualify at the GS-13 level, the applicant "must have at least one year of specialized experience at or equivalent to the GS-12" level. The announcement explained that specialized experience is "experience which is directly related to the position which has equipped the applicant with the particular knowledge, skills and abilities (KSAs) to successfully perform the duties of the position to include experience reviewing, evaluating, and developing public health program operations at the Federal, state, or local level."

Applicants for the position were required to complete a self-assessment questionnaire and provide a résumé and supporting documentation. The questionnaire listed approximately 20 criteria regarding experience that was relevant to the position. The applicant was directed to assign himself or herself the most appropriate rating for each criterion. The ratings range from no education, training, or experience to "expert."

The agency's procedure upon receiving applications for such positions is to score the questionnaire and place qualifying applicants into one of three categories: Best Qualified, Well Qualified, or Qualified. The agency then

considers the entire applications of those in the highest category and determines whether an applicant is qualified for the position. As part of that process, preference-eligible veterans are placed first within each category.

Mr. Jones submitted a completed questionnaire and provided a 32-page, narrative-style résumé. In every response to the questionnaire other than those questions related to Spanish language proficiency, Mr. Jones rated himself "expert."

A Human Resources Specialist reviewed many of the applications. She mistakenly reversed the scoring rubric, an error that affected more than one hundred applicants. Due to that mistake, Mr. Jones was initially placed in the Qualified category.

The Supervisory Human Resources Specialist at HHS, Kelly Mathis, realized that mistake. He rescored Mr. Jones's self-assessment questionnaire, which placed Mr. Jones in the Best Qualified category. Mr. Mathis then reviewed Mr. Jones's other application materials. Mr. Mathis concluded that Mr. Jones did not have the necessary specialized experience for the position of Public Health Advisor at the GS-13 level. Mr. Jones contested that decision and eventually appealed to the Merit Systems Protection Board.

During the time that Mr. Jones's appeal was pending before the Board, Mr. Jones was involved in a separate Board proceeding before the same administrative judge. In that separate proceeding, the administrative judge terminated the merits hearing for contumacious conduct on the part of Mr. Jones and decided the appeal on the written submissions. *See Jones IX,* No. 2017-1353, 2017 WL 3016959, at \*1.

In the Board proceeding at issue in this case, Mr. Jones moved to recuse the administrative judge. He argued that the administrative judge's finding of contu-

macious conduct in the separate proceeding showed that the administrative judge was biased against him. The administrative judge denied the motion.

At the subsequent merits hearing, Mr. Jones provided testimony from two witnesses, himself and Mr. Mathis. The administrative judge denied Mr. Jones's request to have six other witnesses testify on the ground that their testimony was irrelevant or immaterial. It appears that Mr. Jones did not submit any exhibits.

The administrative judge subsequently issued a decision denying Mr. Jones's VEOA and USERRA claims. The administrative judge found that the initial scoring error did not constitute a violation of the VEOA. That mistake was corrected, and Mr. Jones's application was reviewed under the proper procedure. The administrative judge found credible Mr. Mathis's testimony that he had fully considered Mr. Jones's experiences and work history in determining that Mr. Jones was not qualified for the position he had applied for. Based on that testimony, and absent contrary evidence, the administrative judge concluded that Mr. Jones had not satisfied his burden to show a VEOA violation.

The administrative judge also concluded that the evidence did not support Mr. Jones's claims of discrimination and retaliation under USERRA. First, the administrative judge concluded that Mr. Jones failed to establish that he was qualified for the position. The administrative judge credited Mr. Mathis's testimony "regarding his methodical approach to assessing whether [Mr. Jones] met the specialized experience requirement for the position, and [Mr. Mathis's] specific reasons why identified portions of [Mr. Jones's] application materials did not demonstrate that th[o]se requirements were met." The administrative judge found that Mr. Mathis's assessment was "well supported by the documentary evidence in the record." In addition, the administrative judge "found compelling the

agency's stated reason for its determination that Mr. Jones was not qualified," and found that the non-selection "was not a pretext for discrimination or motivated by retaliatory intent."[1]

The administrative judge also addressed Mr. Jones's allegation that Mr. Mathis was motivated to retaliate against Mr. Jones based on his status as a veteran. Mr. Mathis was aware of Mr. Jones's military service and engagement in protected activity (i.e., Mr. Jones's previous VEOA and USERRA claims against HHS) when Mr. Mathis reviewed Mr. Jones's application. In fact, Mr. Mathis had testified on behalf of HHS in another proceeding brought by Mr. Jones for non-selection regarding another CDC job vacancy. In that proceeding, Mr. Mathis testified that he failed to accord Mr. Jones veterans' preference because Mr. Mathis believed that three years of service was required to be preference-eligible. Mr. Mathis was mistaken; Mr. Jones was entitled to veterans' preference. *See Jones III*, 544 F. App'x at 978 (affirming decision finding failure to afford preference was harmless error because the vacancy was revoked and because Mr. Jones was not sufficiently qualified). Mr. Jones presented no evidence that Mr. Mathis acted in bad faith in committing that error, or in testifying about it.

The administrative judge ultimately found "no evidence that [Mr.] Mathis had any hostility toward veterans." In fact, the administrative judge noted that Mr. Mathis was himself a U.S. Army veteran. The administrative judge also found Mr. Mathis's testimony regarding

---

[1] The administrative judge noted that Mr. Jones had not argued that the initial scoring mistake demonstrated any discrimination or retaliation under USERRA. The administrative judge also found that the initial mistake would not support any such claims, as the mistake affected more than 100 applicants indiscriminately.

his assessment of Mr. Jones's application credible and supported by the record.

After the administrative judge denied Mr. Jones's claims in an initial decision, Mr. Jones petitioned this court for review on April 10, 2017. The administrative judge's initial decision became the final decision of the Board on April 28, 2017, at which point Mr. Jones's petition became ripe for review.

## II

To obtain relief under the VEOA, a petitioner must show that the potential employer violated his veterans' preference rights. *See* 5 U.S.C. § 3311(2) ("preference eligible is entitled to credit . . . for all experience material to the position"); 5 C.F.R. § 302.302(d); *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318-19 (Fed. Cir. 2012) (eligible veteran is entitled to credit for "all valuable experience"). Mr. Jones does not point to any evidence showing that his VEOA rights were violated in the course of the agency's selection process. Instead, he simply challenges the Board's finding that Mr. Mathis testified credibly that he considered all of Mr. Jones's relevant experiences.

We see no reason to question the Board's credibility finding. *See Jones VII*, 834 F.3d at 1368 ("witness credibility determinations are virtually unreviewable"); *Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 11149 (Fed. Cir. 1997); *accord Jones IX*, No. 2017-1353, 2017 WL 3016959, at *3. Mr. Jones points to the fact that, in a separate Board proceeding, Mr. Mathis expressed the mistaken belief that Mr. Jones was not entitled to veterans' preference credit because he did not serve for as much as three years. Mr. Jones, however, does not contend that Mr. Mathis's mistaken testimony was the product of fabrication on his part. Nor does Mr. Jones contend that Mr. Mathis failed to accord him veterans' preference credit in the selection process underlying this proceeding. Even if there were a

question regarding Mr. Mathis's credibility, Mr. Jones does not point to any evidence to prove that his VEOA rights were violated in the selection process.

Mr. Jones also fails to show that the agency violated his USERRA rights. To prove discrimination or retaliation under USERRA, a petitioner must show that his military service, or his assertion of USERRA rights, was a "substantial or motivating factor" for the adverse action. *See* 38 U.S.C. § 4311; *Hayden v. Dep't of Air Force*, 812 F.3d 1351, 1357, 1363 (Fed. Cir. 2016); *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). Both types of claims are defeated if the potential employer shows that the adverse action would have occurred regardless of the petitioner's military service. *See Hayden*, 812 F.3d at 1358, 1363; *see also Sheehan*, 240 F.3d at 1013.

In his USERRA argument, Mr. Jones again attacks Mr. Mathis's credibility. We find no merit to that argument. That attack carries even less weight in the USERRA context than in the VEOA context, because Mr. Mathis is himself a veteran of the U.S. Army. As the Board found, Mr. Jones points to "no evidence that [Mr.] Mathis had any hostility toward veterans," or that Mr. Mathis would have discriminated against Mr. Jones on that basis.

Even apart from the Board's credibility finding, substantial evidence supports the Board's finding that Mr. Jones lacked the necessary qualifications for the position in question. Upon examining the vacancy announcement and the application materials, the Board found that the assessment that Mr. Jones lacked the necessary qualifications was "well supported by documentary evidence in the record." Mr. Jones does not challenge that finding or point to anything in those materials that demonstrates otherwise. That finding disposes of Mr. Jones's discrimination and retaliation claims under USERRA, as it estab-

lishes that his non-selection was the result of his lack of the qualifications required for the position, not the result of discrimination against him on account of his military service or retaliation for his assertion of USERRA rights.

Mr. Jones also makes several evidentiary and procedural arguments. He contends that the administrative judge (1) "delet[ed] all [his] evidence from the efile system," Pet'r Br. at 1; (2) "den[ied] him his right to call any witness," *id.*; (3) did "not consider[] the relevant evidence that was before her," *id.*; (4) took too long to render a decision, *id.* at 12-13; and (5) should have recused herself for bias, *id.* at 1, 10.

As to the first contention, there is no reason to believe any evidence was deleted from the record. In his appendix submitted to this court, Mr. Jones has included four extra-record documents that he contends were deleted from the record below. Nothing supports his claim that those materials were introduced and then deleted from the record. In any event, none of those documents are relevant.[2]

Mr. Jones's second contention—that he was denied the right to call any witnesses—is false. Mr. Jones requested that he be allowed to call Mr. Mathis and himself as witnesses, and the administrative judge allowed both to testify. The administrative judge denied Mr. Jones's request for six other witnesses for the reason that their testimony was irrelevant. Mr. Jones provides no basis to question that determination.

Mr. Jones's third argument incorrectly assumes that the evidence he highlights was relevant. Mr. Jones contends that the administrative judge "omitted from the

---

[2]    As Mr. Jones admits, one of those documents is dated February 17, 2017, after the record below was closed.

decision the fact that [he] has been found 'Best Qualified' for at least 177+1 Public Health advisor positions since 2014." Pet'r Br. at 12 (emphases omitted). Without further explanation of the qualifications required for those positions, that fact is not relevant to whether Mr. Jones was qualified for the vacancy at issue in this case.[3]

Mr. Jones next argues that the eight-month delay between the hearing and the administrative judge's decision is a "dispositive issue." It is not. As we explained previously in both *Jones VII*, 834 F.3d at 1368, and *Jones IX*, No. 2017-1353, 2017 WL 3016959, at *4, there are no statutory or regulatory time limits for the issuance of such a decision.

Finally, we find no error regarding the administrative judge's denial of Mr. Jones's motion for recusal. Mr. Jones points to the administrative judge's termination of the hearing in another of Mr. Jones's suits based on contumacious conduct. We held that the administrative judge's termination of that proceeding was not improper. *Jones IX*, No. 2017-1353, 2017 WL 3016959, at *4 (termination occurred only after multiple warnings and Mr. Jones's "rude and disrespectful conduct which regularly escalate[d] from advocacy to contumaciousness"). Furthermore, "opinions held by judges as a result of what they learned in earlier proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice.'"

---

[3]     If the evaluation process for those "177+1" positions is the same as that used by HHS for the vacancy at issue, Mr. Jones would be placed in the "Best Qualified" category based on his self-assessment, not the agency's assessment. *See, e.g.*, *Jones V*, 640 F. App'x at 861 (affirming ultimate determination that Mr. Jones was not qualified for vacancy, even though he was placed in "Best Qualified" category based on his self-assessment, in which "he rated himself as an expert in every listed category.").

*Liteky v. United States*, 510 U.S. 540, 551 (1994). Mr. Jones has not shown that the administrative judge displayed a "deep-seated . . . antagonism that would make fair judgment impossible." *Bieber v. Dep't of Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002). Rather, the facts in this case show that the administrative judge conducted a fair hearing in which Mr. Jones was accorded an opportunity to present evidence and argue his case. The administrative judge ultimately issued a well-considered decision disposing of each of his claims.

Mr. Jones has presented many other arguments in his petition based on evidence that is not part of the record and matters other than the case before us on this appeal.[4] Because that evidence and those other matters are not properly before us in this proceeding, we decline to consider them.

Each party shall bear its own costs for this appeal.

**AFFIRMED**

---

[4] Most of those facts pertain to other cases Mr. Jones has brought against HHS.